UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM X. NIETZCHE, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.  ) | Civil Action No. 1:22-cv-03667 (UNA) |
| ) | |
| URBAN HOUSING ) | |
| DEVELOPMENT LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

Plaintiffs William X. Nietzche and Julie Ann Metcalf Kinney, who are both domiciled in Oregon, initiated this matter on December 12, 2022, by filing a *pro se* complaint ("Compl."), ECF No. 1. Nietzche also filed an application for leave to proceed in *forma pauperis* ("IFP App."), ECF No. 2, and motion to seal the complaint, ECF No. 3. On December 30, 2022, the court denied Nietzche's motion to seal, finding that he failed to address, let alone demonstrate, that this case met the requisite factors that would warrant sealing the complaint. *See* Minute Order (filed Dec. 30, 2022) (citing *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665 (D.C. Cir. 2017)). The court then provided Nietzche with an opportunity to file a renewed motion to seal that properly addressed those factors, but he was forewarned that if he did not do so by January 11, 2023, the Clerk of Court would strike the complaint, unless he otherwise notified the Clerk's Office that he alternatively wished to proceed with filing the complaint on the public docket. *Id*.

Nietzche failed to file a timely renewed motion, and instead, on January 19, 2023, both plaintiffs filed a motion for reconsideration, ECF No. 4. On January 20, 2023, the court denied the motion for reconsideration, finding that there was no basis to seal the complaint as plaintiffs

(1) have engaged in "lengthy and apparently extensive litigation that has already taken place in both local and other federal courts," all of which is public record, (2) failed to show "that any of [the] named defendants, including both government agencies and officials and private entities and individuals, pose a threat" to them or anyone else, and (3) did not otherwise show why any of the stated information should be considered confidential. *See* Minute Order (filed Jan. 30, 2023). Consequently, the court found that the complaint should be stricken unless, by February 2, 2023, plaintiffs notified the Clerk that they instead wished to proceed with filing the complaint on the public docket. *Id*. Plaintiffs failed to file any such notice by the deadline, and therefore, the complaint was stricken by the Clerk of Court.

On February 6, 2023, four days beyond its deadline, plaintiffs filed a notice, ECF No. 5, of their intent to proceed with the complaint on the public docket. The court thus turns to review the IFP application and the complaint. At the outset, the court notes that only Nietzche has moved to proceed IFP. *See generally* IFP App. The court will grant his IFP application, but because Kinney has neither moved to proceed IFP, nor paid the filing fee applicable to civil actions, she may not proceed as a plaintiff in this case. *See* 28 U.S.C. §§ 1914, 1915. And for the reasons explained below, the complaint will be reinstated on the public docket, as requested, however, this matter must nonetheless be dismissed in full.

Plaintiffs' prolix 122-page complaint is far from a model of clarity. The intended claims are nebulous, at best. Plaintiffs seek $20 million in damages, alleging violations of myriad state and federal laws (both civil and criminal), and various national and international treaties, and they also raise common law tort claims. *See* Compl. at caption, introduction, 13–105; Civil Cover Sheet, ECF No. 1-1. While the connection between the cited authority and intended claims is often unclear, the crux of the case arises from plaintiffs' fundamental disagreement with a nonjudicial

foreclosure sale of Kinney's real property in Oregon. *See id*.

What is clear, however, is that plaintiffs are attempting to sue anything or anyone that they perceive had any involvement whatsoever with the foreclosure or to their subsequent unsuccessful attempted to overturn it. *See id*. Plaintiffs appear to sue approximately 26 to 46 *named* defendants, although the combination of named defendants is inconsistent and differs in the case caption, the introduction, and the body of the complaint. *Compare* Compl. at caption, *with id*. at introduction, *with id*. at 3–8. Additionally, plaintiffs attempt to sue some defendants "*in rem*," but it is unclear what distinction they are trying to make. *See id*. at caption. The named defendants include (1) the United States, (2) Oregon and its Governor, certain Oregon state agencies and their associated officials, Oregon state representatives, as well as the city Portland, Portland's Mayor and members of his staff, attorneys and mediators "hired" by the Mayor's Office, and other Portland agencies, (3) Portland and Multnomah County Oregon-based law enforcement agencies, (4) United States District Court for the District of Oregon judges, and local Oregon courts and judges, and (5) private non-profit and for-profit entities, including real-estate and banking institutions and associated employees, as well as other random businessmen. *See id*. at caption, introduction, 3–8.

Plaintiffs also sue up to 200 "official" and "ancillary" John and Jane Doe defendants. *Id*. at caption. But the Local Rules of this Court state that "[t]hose filing *pro se in forma pauperis* must provide in the caption the name and full residence address or official address of each defendant[,]"or face dismissal, D.C. LCvR 5.1(c)(1). And "there is no provision in the federal statutes or federal rules of civil procedure for the use of fictitious defendants[,]" *Armstrong v. Bureau of Prisons*, 976 F. Supp. 17, 23 (D.D.C. 1997) (citing *Saffron v. Wilson*, 70 F.R.D. 51, 56 (D.D.C. 1975) (other citation omitted)), *aff'd*, No. 97-5208, 1998 WL 65543, (D.C. Cir. Jan. 30, 1998).

All the same, plaintiffs' claims against any of the defendants—named or unnamed—cannot survive. Plaintiffs are under the impression that all of the defendants have been influenced by "super PACs" and as a result, have "conspired" and "colluded" to "sabotage" plaintiffs' lives in many ways, including, but not limited to, the aforementioned foreclosure, "systematic genocide" and "extrajudicial killings." *See* Compl. at caption, introduction, 13–105.

First, *pro se* litigants must comply with the Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). Here, plaintiffs' complaint is neither short nor plain.

The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls squarely within this category.

Second, plaintiffs fail to establish venue, as it is unclear what connection, if any, their claims have to do with this District. *See* 28 U.S.C. § 1406(a). Although plaintiffs sue the United

States, the claims against it are incoherent. *See* Compl. at caption, introduction, 13–105. Applicable here, courts in this District are required to examine venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia by naming a federal government defendant. *See Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993).

Third, many of plaintiff's claims are barred by *res judicata*. As already noted, plaintiffs have filed substantially similar litigation in several other courts, including Oregon state court, culminating in proceedings before the Oregon state appellate and Supreme Courts, and also in the United States District Court for the District of Oregon, the United States Court of Appeals for the Ninth Circuit, and the United States Supreme Court. *See* Compl. at 10–13. Plaintiffs are plainly frustrated at their lack of success in those previous cases, including a "gatekeeping order" issued by the District of Oregon, limiting plaintiffs' repetitive and vexatious filings. *See id.*

For example, on November 5, 2018, plaintiffs, and others, filed suit, arising from the same foreclosure sale dispute, in the District of Oregon, alleging "35 claims for relief against 21 named defendants and numerous Doe defendants." *Nietzche v. Freedom Home Mortgage Corp.*, No. 18-cv-01930-SI, 2019 WL 5057174 (D. Or. Oct. 8, 2019), at *1; *see also* Docket at Amended Complaint ("D. Or. Am. Compl I"), ECF No. 64. On October 8, 2019, the District of Oregon dismissed with prejudice all of the claims against all of the defendants for failure to state a claim pursuant to Federal Rule 12(b)(6).[1] *See Nietzche*, 2019 WL 5057174 at *2, *23. The Ninth Circuit affirmed that decision on March 20, 2023. *See Nietzche as trustee for KRME International Trust v. Freedom Home Mortgage Corporation*, No. 19-35876, 2023 WL 2570417 (9th Cir. Mar. 20, 2023).

---

[1] That court also dismissed the claims against Goldman Sachs Group, Inc.—not named to the instant lawsuit—for want of personal jurisdiction pursuant to Federal Rule 12(b)(2). *See Nietzche*, 2019 WL 5057174, at *13.

Meanwhile, on October 16, 2019, plaintiffs, and others, filed yet another substantially similar lawsuit in the District of Oregon. *See Salish Skajet Kwabacabs Tribal Republic v. Bank of New York Melon*, No. 19-cv-01670-MO (D. Or. filed Oct. 16, 2019), at Docket, Amended Complaint ("D. Or. Am. Compl. II"), ECF No. 11. In that matter, plaintiffs again sought relief arising from alleged harm flowing from the foreclosure of the same property, including against defendants who declined to reverse the decision. *See id*. On February 5, 2020, the court dismissed the matter with prejudice for failure to state a claim, on the basis of immunity, and as barred by *res judicata*. *See id*. at ECF No. 21, Opinion & Order. On August 26, 2020, plaintiff's appeal in that matter was dismissed. *See id*. at ECF Nos. 26, 27 (USCA Orders).

Plaintiffs cannot have "another bite at the apple" in this District against the defendants, and their privies, who they have already sued, namely, Urban Housing Development, Roman Ozeruga, Mark Passannante, the State of Oregon (and its associated cities, entities, and officials), Judge Steven Bushong, Judge Steven Todd, Terrence Slominski, HSBC Holdings, Beneficial Oregon, US Bank Trust NA, and Judge Michael Simon. *Compare* Compl. at 2–8, *with* D. Or. Am. Compl. I at 6–10, *and* D. Or. Am. Compl. II at 2–4. In this District, "[t]he doctrine of *res judicata* prevents repetitious litigation involving the same causes of action or the same issues." *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983). Courts may dismiss *sua sponte* when they are on notice that a claim [or issue] has been previously decided because of the policy interest in avoiding 'unnecessary judicial waste.'" *Walker v. Seldman*, 471 F. Supp. 2d 106, 114 n.12 (D.D.C. 2007) (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)); *see accord Rosendahl v. Nixon*, 360 Fed. Appx. 167, 168 (D.C. Cir. 2010) (courts "may raise the *res judicata* preclusion defense *sua sponte*") (citing *Brown v. Dist. of Columbia*, 514 F.3d 1279, 1285–86 (D.C. Cir. 2008) (other citation omitted)); *see also Fenwick v. United States*, 691 F. Supp. 2d 108, 116

(D.D.C. 2010) (observing that the doctrines of *res judicata* and *collateral estoppel* "are so integral to the administration of the courts that a court may invoke [them] *sua sponte*.") (citations and internal quotation marks omitted).

This court notes that, although plaintiffs attempt to, in part, reframe their claims in this matter under some new additional legal authority, it is of no consequence. As discussed above, whether a case is duplicative or not turns on whether the two cases at issue share the same "nucleus of facts." *See Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Page v. United States*, 729 F. 2d 818, 820 (D.C. Cir. 1984)); *see also Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 78 (D.C. Cir. 1997). And a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that "were or *could have been* raised in that action." *Drake*, 291 F.3d at 66 (emphasis in original) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see also Apotex, Inc. v. Food & Drug Admin.,* 393 F.3d 210, 218 (D.C. Cir. 2004). There is no question that this matter arises out of the same nucleus of facts as plaintiffs' prior cases. Plaintiffs were therefore clearly on notice of defendants' alleged wrongdoing, and there was no reason why they could not have cited this additional authority in their previous matters. Put simply, the prior final adjudications on the merits by the District of Oregon and the Fifth Circuit, courts of competent jurisdiction, bear preclusive effect on those who have already been sued.

For all of these reasons, this case is dismissed. A separate order accompanies this memorandum opinion.

Date: April 20, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge